UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE JACKSON,

                Petitioner,

                                      Case No. 2:16-cv-14227

v.

                                       HONORABLE STEPHEN J. MURPHY, III

STATE OF MICHIGAN,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING
THE PETITION [1], DENYING A CERTIFICATE OF
APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

      State prisoner Eddie Lee Jackson filed a pro se habeas corpus petition challenging his 1991 Wayne County, Michigan convictions for first-degree murder and possession of a firearm during the commission of a felony. Jackson asserts that the criminal information, criminal complaint, and felony warrant were not supported by an oath or affirmation as required by the Fourth Amendment. The Court concludes for the reasons below that Jackson's claim is not cognizable on habeas review and does not warrant habeas corpus relief. Accordingly, the Court will deny the petition.

**BACKGROUND**

      In 1990, Jackson was charged in a felony information, felony complaint, and felony arrest warrant with one count of first-degree murder, Mich. Comp. Laws § 750.316(1)(a), and one count of felony firearm, Mich. Comp. Laws § 750.227b. On February 13, 1991, a jury in the former Recorder's Court for the City of Detroit, found Jackson guilty as charged. The trial court sentenced Jackson on March 1, 1991, to two

years in prison for the felony-firearm conviction and to a consecutive term of life imprisonment for the murder conviction. *People v. Jackson,* Register of Actions, Case No. 90-012305-01-FC (Wayne Cty. Cir. Ct.), www.3rdcc.org; http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=215176. The Michigan Court of Appeals affirmed Jackson's convictions, and on July 28, 1995, the Michigan Supreme Court denied leave to appeal. *See People v. Jackson*, 449 Mich. 906 (1995).

Jackson has not provided any additional information about his case, and the Court has found no record of any post-conviction proceedings in state or federal court. Jackson dated his habeas corpus petition on November 23, 2016, and on December 1, 2016, the Clerk of the Court filed the petition.

## LEGAL STANDARD

To obtain relief from a federal court on habeas corpus review, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.'" *Day v. McDonough*, 547 U.S. 198, 207 (2006).

## DISCUSSION

As a preliminary matter, Jackson's habeas petition appears to be barred by the one-year statute of limitations that governs habeas corpus petitions brought by state

prisoners. *See* 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this case because Petitioner filed his habeas petition after AEDPA was enacted.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The limitations period ordinarily runs from the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

AEDPA was enacted on April 24, 1996, but because Jackson's convictions apparently became final before AEDPA was enacted, he was entitled to a one-year grace period to file his habeas petition. *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005). Jackson has not alleged that he pursued any post-conviction remedies during

the grace period. Therefore, the statute of limitations appears to have run uninterrupted for one year and expired on April 24, 1997. Jackson filed his habeas petition more than nineteen years later. Additionally, Jackson has not carried his burden of proving that he exhausted state remedies for his claim, as required by 28 U.S.C. § 2254(b)(1). Nevertheless, the rule requiring exhaustion of state remedies is not a jurisdictional requirement, *Castille v. Peoples*, 489 U.S. 346, 349 (1989), and the statute-of-limitations defense also is not jurisdictional, *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Day*, 547 U.S. at 205). The Court therefore will proceed to address Jackson's claim on its merits.

Jackson asserts that in 1990, an investigator for the Detroit Police Department placed Jackson's name, the date of the crimes, the name of the crimes, and the relevant statutes on a form complaint and a warrant request. According to Jackson, the documents were invalid because they did not include a supporting oath, affirmation, or affidavit, as required by the Fourth Amendment to the United States Constitution. Jackson contends that the criminal complaint lacked sufficient facts for a detached and neutral judicial officer to make a probable cause determination.

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const., amend. IV. State prisoners, however, generally are precluded from obtaining federal habeas corpus relief on the basis of a Fourth Amendment claim. *See Stone v. Powell*, 428 U.S. 465, 482 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on

4

the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial").

"[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013), *cert. denied*, 135 S. Ct. 1174 (2015). "Michigan provide[s] an adequate avenue to raise a Fourth Amendment claim," and Jackson "provides no basis to conclude that his claim was frustrated by a failure in Michigan's Fourth-Amendment-review mechanism." *Hurick v. Woods*, No. 16-1554, 2016 WL 7093988, at *3 (6th Cir. Dec. 5, 2016). Consequently, the Court is precluded from reviewing Jackson's Fourth Amendment claim that the charging documents in his case, including the arrest warrant, were issued without a valid probable cause determination. *See id.*

Furthermore, although "a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Therefore, regardless of whether the charging documents in Jackson's case were defective or the state district court magistrate lacked probable cause to order Jackson's arrest and detention, Jackson is not entitled to have his convictions vacated.

Accordingly, Jackson's Fourth Amendment claim is not cognizable on habeas review, and he has failed to show that he is "in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Additionally, reasonable jurists could not disagree with the Court's resolution of Jackson's constitutional claim, nor conclude that his claim is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) (quotations omitted). Therefore, the Court will not issue a certificate of appealability. Finally, the Court will deny Jackson permission to proceed in forma pauperis on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that Jackson's habeas petition (document no. 1) is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Jackson may not proceed in forma pauperis on appeal.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Court Judge

Dated: January 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 10, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

6