UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE JACKSON,

    Petitioner,

v.

    Case No. 2:16-cv-14227

    HONORABLE STEPHEN J. MURPHY III

STATE OF MICHIGAN,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
APPLICATION FOR A CERTIFICATE OF APPEALABILITY [8]
AND MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL [6]**

State prisoner Eddie Lee Jackson appealed the Court's order and judgment summarily dismissing his pro se habeas corpus petition. Pending before the Court are Jackson's application for a certificate of appealability and his motion to proceed in forma pauperis on appeal.

I.    Certificate of Appealability

Jackson's habeas petition challenged his 1991 convictions for first-degree murder and possession of a firearm during the commission of a felony. Jackson sought habeas corpus relief on the basis that the charging documents and felony warrant in his state criminal case were not supported by an oath, affirmation, or affidavit as required by the Fourth Amendment to the United States Constitution.

The Court summarily dismissed the petition because Jackson's Fourth Amendment claim was not cognizable on habeas review. *See Stone v. Powell*, 428 U.S. 465, 482 (1976) (concluding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus

relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). In the same opinion and order, the Court declined to issue a certificate of appealability. Thus, the instant application for a certificate of appealability (ECF 8) is moot.

Although Jackson continues to assert his Fourth Amendment rights and maintains that he did not have a fair opportunity to have his case properly decided and heard on the merits, "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013), *cert. denied*, 135 S. Ct. 1174 (2015). "Michigan provide[s] an adequate avenue to raise a Fourth Amendment claim," and Jackson "provides no basis to conclude that his claim was frustrated by a failure in Michigan's Fourth-Amendment-review mechanism." *Hurick v. Woods*, No. 16-1554, 2016 WL 7093988, at *3 (6th Cir. Dec. 5, 2016). Accordingly, the Court was precluded from reviewing Jackson's Fourth Amendment claim that the charging documents in his case were issued without a valid probable cause determination.

Furthermore, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). The Court therefore did not make a palpable error in summarily dismissing the habeas petition, and there is no basis for reconsidering the order of dismissal. E.D. Mich. LR 7.1(h)(3). Accordingly, the Court will deny Jackson's application for a certificate of appealability.

II.    <u>Motion to Proceed In Forma Pauperis</u>

Jackson seeks permission to proceed in forma pauperis on appeal, claiming that his only income is his prison job and that he does not own any real or personal property. This issue also is moot, because the Court stated in its dispositive opinion and order that Jackson was not entitled to proceed in forma pauperis on appeal. An appeal would be frivolous and could not be taken in food faith. 28 U.S.C. §1915(a)(3). The Court therefore will deny leave to proceed in forma pauperis on appeal.

### ORDER

**WHEREFORE,** it is hereby **ORDERED** that Jackson's application for a certificate of appealability [8] is **DENIED**.

**IT IS FURTHER ORDERED** that Jackson's motion to proceed in forma pauperis on appeal [6] is **DENIED**.

**SO ORDERED**.

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: March 14, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2017, by electronic and/or ordinary mail.

                                          s/David P. Parker
                                          Case Manager